NO. 07-04-0491-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 8, 2005

______________________________

BILLIE JEAN WINKLE, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 316TH DISTRICT COURT OF HUTCHINSON COUNTY;

NO. 9306; HONORABLE WILLIAM D. SMITH, JUDGE

_______________________________

Before REAVIS and CAMPBELL and HANCOCK, JJ.

MEMORANDUM OPINION

Appellant, Billie Jean Winkle, appeals her jury imposed sentence for two convictions of manslaughter.  We affirm.

Background

Appellant, Billie Jean Winkle, was the driver of a vehicle that collided with Georgia and George Slaybaugh’s vehicle.  The Slaybaughs died from injuries sustained in the collision.

Appellant pled guilty to two charges of manslaughter and elected to have a jury assess punishment.  Prior to the punishment hearing, and outside the presence of the jury, the trial court reviewed the photographs and listened to the testimony of Dr. Ben Bristol, the medical examiner who performed the Slaybaugh autopsies.  At the conclusion of the hearing, the trial court ruled that the photographs were not unduly prejudicial, and were admissible during the punishment hearing.

Standard of Review

A trial court's decision to admit or exclude evidence is reviewed for an abuse of discretion.  
Montgomery v. State
, 810 S.W.2d 372, 392 (Tex.Crim.App. 1990) (op. on reh’g).  The trial court abuses its discretion only if the reviewing appellate court can say with confidence that no reasonable perception of the matter under consideration could have yielded the decision made by the court.  
See
 
id
. at 391.  Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice.  
Tex. R. Evid.
 403.
(footnote: 1) 

Law and Analysis

Appellant contends that the trial court erred in admitting photographs because their probative value was greatly outweighed by their prejudicial effect under Rule 403.
(footnote: 2) 
 Once a Rule 403 objection is raised, the trial court must weigh the probative value of the evidence against its prejudicial effect.  
See
 
id
. at 389.  However, we can presume the trial court conducted a balancing test when it overrules an objection.    
See
 
Yates v. State
, 941 S.W.2d 357, 367 (Tex.App.–Waco 1997, pet. ref’d).

When assessing the prejudicial effects of the photographs under a Rule 403 balancing test, relevant factors include the number, size, detail, and gruesomeness of the photographs.   
See
 
Long v. State
, 823 S.W.2d 259, 270 (Tex.Crim.App. 1991). Further factors affecting the prejudicial effect of the photos can include whether the photographs are color or black-and-white, whether the photos are close ups, and whether the subject is clothed or naked.   
Id
.    We now consider these factors in determining whether the trial court abused its discretion.

The State did not seek to admit numerous photographs and specifically did not seek to admit photographs taken during the autopsy that arguably would have been more gruesome.  The photographs admitted in this case were pre-autopsy without large amounts of blood.  The photographs depicting injuries showed bruising, cuts and scrapes but were not close ups. The photographs used for identification were close ups, but did not depict injuries.  None of the photographs depicted any inappropriate nudity.  At both the pretrial hearing and the punishment hearing before the jury, Bristol used the photographs to either describe the injuries, cause of death, or identification of the victims.  Considering the factors before the trial court, we conclude that the trial court conducted an appropriate balancing test under Rule 403, and did not abuse its discretion in admitting the photographs that were limited in number, showed very little blood, and were used by the medical examiner for the purpose of explaining the injuries suffered by the victims.   
Id
. at 272-73.

Conclusion

For the foregoing reasons, we affirm the trial court.   

Mackey K. Hancock

Justice

Do not publish. 

FOOTNOTES
1: Further references to the Texas Rules of Evidence will be by reference to “Rule __”.

2: Although appellant contends on appeal that the photographs were prejudical, she fails to specify which autopsy photographs were more prejudical than probative.  For purposes of this appeal, we will consider the group of pre-autopsy photographs to which appellant objected during trial, namely State’s exhibits 53, 54, 56, 59, 60, 62, and 63.  Any complaint with regard to other photographs has not properly been preserved.  
Tex. R. App. P.
 33.1.